EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SERGIO GARCIA LOPEZ,

              Plaintiffs,

                                 CASE NO. 15 CIV. 7475 (GHW)

    v.

MI BARRIO MEAT MARKET, INC.,
FRANCISCO ZUNIGA, and
GEORGE PORTOREAL,

              Defendants.

------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS,** Sergio Garcia Lopez (hereinafter, "Plaintiff") commenced an action against Mi Barrio Meat Market, located at 1875 Lexington Avenue, New York, NY and Francisco Zuniga and George Portoreal (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about September 22, 2015, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 15-CV-7475 (GHW) (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS,** Defendants filed an Answer on or about December 28, 2015, denying Plaintiff's claims asserted, and a Court has not made any findings with respect to the merits of Plaintiff's claims.

    **WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that the Plaintiff has, had, or may have against Defendant, by way of this Settlement Agreement and Release ("Agreement");

    **WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the Parties;

    **NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.   **Payment**

    (a)    In full and final satisfaction of all issues between the parties, Defendants shall pay to the Plaintiff the sum of FORTY FIVE THOUSAND AND ZERO CENTS ($45,000) (the "Settlement Sum") to be distributed according to the agreement made between Plaintiff and Cilenti & Cooper, PLLC.

    (b)    The Settlement Sum shall be fully funded within 30 days of the approval of the Court or on or before August 1, 2016, whichever is later. The settlement check shall be payable to "Cilenti & Cooper, PLLC as attorneys."

    (c)    The Settlement check in the amount of the Settlement Sum shall be delivered to Cilenti & Cooper, PLLC at 708 Third Avenue, 6th Flr, New York, NY 10017 no later than August 1, 2016.

    (d)    Cilenti & Cooper, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff.

2.   **Release**

By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, in consideration for the payment provided for in this Agreement, plaintiff hereby irrevocably and unconditionally waives, releases and forever discharges defendants and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all attorneys' fees and costs (the "Released Claims").

3.   **Approval Motion.**

    (a)    On or before June 30, 2016, the Parties will submit this executed Agreement to the Court and shall move for Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

    (b)    The Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate; (2) approve payment of the Settlement Sum pursuant to the terms set forth in paragraph 1, above (3) order the dismissal with prejudice of all Released Claims; (4) order entry of Final Judgment in accordance with this Agreement; and (5) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all

matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

4.   **Effect of Failure To Grant Approval**

In the event the Court does not approve the terms of this Agreement, the Parties shall proceed as follows:

(a)   The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)   In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c)   If the settlement is not approved, the case will proceed as if no settlement has been attempted.

5.   **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

6.   **Acknowledgment**

Plaintiff acknowledges that he is receiving consideration under this agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to him fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

7.   **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

3

8.     **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

9.     **Stipulation of Dismissal and Settlement Approval**

Upon execution of this Agreement, Plaintiff shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit 1 to the Court for approval.

10.    **Tax Liability and Indemnity**

Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of all of the money paid to him pursuant to this Agreement. Plaintiff understands and acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts and Plaintiff further acknowledges that he has not relied upon any advice or representation by the Defendants or their attorneys as to the taxability of such amounts. Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by Plaintiff, or both. Plaintiff understands that, in the event that any of the Releasees are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff shall reimburse any such Releasees for their reasonable attorney's fees and costs associated with such enforcement.

11.    **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

12.    **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

4

13.     <u>Severability.</u>

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.


DATED: _June 20_, 2016          Sergio Garcia Lopez



DATED: _____, 2016          Francisco Zuniga, Individually



DATED: _____, 2016          George Portorreal, Individually and on behalf of
                                    Mi Barrio Meat Market, Inc.



5

13.    Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2016          Sergio Garcia Lopez

DATED: _____, 2016          Francisco Zuniga, Individually

DATED: _____, 2016          George Portorreal, Individually and on behalf of
                                       Mi Barrio Meat Market, Inc.

5

# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SERGIO GARCIA LOPEZ,

            Plaintiff,

    v.

MI BARRIO MEAT MARKET, INC.,
FRANCISCO ZUNIGA, and
GEORGE PORTOREAL,

            Defendants.
-------------------------------------------------------x

                         CASE NO. 15 CIV. 7475 (GHW)

**STIPULATION AND ORDER OF DISMISSAL**

       IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: New York, New York
      June __, 2016

For the Plaintiffs:

CILENTI & COOPER, PLLC

By: _____
Peter Hans Cooper
Attorneys for Plaintiffs
708 Third Avenue, 6th FL.
New York, NY 10017

For the Defendants:

PHILLIPS NIZER, LLP

By: _____
Regina E/Faul, Esq.
Attorneys for Defendants
666 Fifth Avenue – 28th Floor
New York, NY 10130

So Ordered:

_____
Hon. Gregory H. Woods (U.S.D.J.)

7